**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | Criminal No: 18-00011 (JDB) |
| | * | Status: 4/10/2018 |
| **AMOS OLAGUNJU** | * | Judge: Hon. John D. Bates |
| Defendant(s). | * | Trial: TBA |
| | * | |

**MOTION FOR REVIEW AND RECONSIDERATION OF BOND WITH MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR HEARING**

**COMES NOW**, Defendant, **Amos Olagunju**, by and through, John O. Iweanoge, II and THE IWEANOGES FIRM, PC, his attorneys, hereby moves this Honorable Court for review and reconsideration of Defendant's bond pending trial pursuant to Title 18 United States Code § 3142(f) and in support of this motion, defendant by and through counsel states:

**INTRODUCTION**

This motion is submitted in support of Amos Olagunju motion for bail review and reconsideration pursuant to 18 U.S.C. § 3142(f) and the Fifth, Sixth, and Eighth Amendments to the United States Constitution. On January 12, 2018, Defendant was arrested and charged on January 13, 2018 with one count of stalking in violation of 18 U.S.C. §2261A(1)(B) and one count of interstate Violation of a Protective Order in violation of 18 U.S.C. §2262(a)(1). These charges arise from allegations of Mr. Olagunju's behavior toward U.S. Representative Kyrsten Sinema. Mr. Olagunju was subsequently indicted on January 18, 2018.

## STATEMENT OF FACTS

Mr. Olagunju is presently charged with one count of stalking and one count of interstate violation of a protective order. Based on the allegation, a court order was issued in 2016 and 2017 prohibiting Mr. Olagunju from contacting Representative Kyrsten Sinema through any means. Mr. Olagunju has not been violent, nor has he shown any indication that he would be violent. According to the Governments proffer and allegations, Mr. Olagunju, always indicated in advance his travel plans and have listened to Special Agents and/or Court on several occasions when ordered to stay away and not travel to Arizona.

## MEMORANDUM OF POINTS AND AUTHORITIES

18 U.S.C. § 3142(f) provides that a detention hearing may be reopened upon a showing that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community." Such is the case here.

Although the Bail Reform Act of 1984 expanded the applicable considerations for pre- trial detention, cases interpreting the statute consistently reiterate that "the passage of the pretrial detention provision of the 1984 Act did not . . . signal congressional intent to incarcerate wholesale the category of accused persons awaiting trial." *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985). As the *Orta* Court explained "[i]t is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants." Id. at 890; See also, *United States v. Salerno*, 481 U.S. 739 (1987). Consistent with this statement, the statutory scheme continues to favor release over pretrial detention, providing the judicial officer with alternatives to

structure an appropriate pretrial release. *Orta*, supra. Only in rare circumstances should release be denied. *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991).

Although the Speedy Trial Act, 18 U.S.C. § 3161 et seq., is designed to ensure that criminal matters are brought to trial expeditiously but in reality, it often takes many months before a case can be tried. Mr. Olagunju's case is a prime example because he has been held since January 12, 2018 following his arrest. The trial in the case has not been set, and discovery production by the Government is incomplete.

Preventive detention for many months without a finding of guilt, raises constitutional issue, as the length of Mr. Olagunju's detention must be considered in his application for review and reconsideration of his bond. In sum, the Bail Reform Act does not modify or limit the presumption of innocence. See 18 USC § 3142(j). Therefore, there is a very high risk that continued pre-trial detention would result in a due process violation. Pre-trial detention constitutes punishment in violation of the Fifth Amendment's Due Process Clause when it is excessive in relation to non-punitive purposes of detention, such as "preventing danger to the community," *Salerno*, 481 U.S. at 746–47, or "ensur[ing] [a defendant's] presence at trial," *Bell v. Wolfish*, 441 U.S. 520, 536, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a court generally "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community." *United States v. Madoff*, 586 F. Supp. 2d 240, 246 (S.D.N.Y. 2009); 18 U.S.C. § 3142(c)(1)(B). Bail, then, is properly viewed as a permissible regulatory, or preventative, measure for use by the courts, rather than being punitive in nature. See *United States v. Salerno*, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101 (1987); *United States*

v. *Stone*, 608 F.3d 639, 646 (6th Cir. 2010); *United States v. Tirado*, 912 F. Supp. 2d 273, 277 (N.D. Ohio 1995)("If the Judicial Officer finds that the defendant's release on his own recognizance or unsecured appearance bond will not reasonable assure defendant's appearance at trial or will endanger the safety of the community, the Judicial Officer may order the defendant's release subject to one or more conditions from a list of 14 provided. 18 U.S.C. § 3142(c)."). Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) cert. dismissed 479 U.S. 978, 107 S.Ct. 562 (1986).

Accordingly, the Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755, 107 S.Ct. at 2105. Particularly in the context of a case in which a presumption favors release, "[r]equiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990)(citing S. Rep. No. 225, supra, 1984 U.S. Code Cong. & Admin. News at 3189). *United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991) (holding that under § 3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a lesser restrictive condition) (Posner, J.).

Despite prior denial of bail, there are factors supporting the release of Mr. Olagunju pending trial. Clearly, the concern of the government is not Mr. Olagunju fleeing the country although a citizen because foreign nationality not necessarily

enough to indicate flight risk. *U.S. v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985); See *U.S. v. Paterson*, 780 F.2d 883 (10th Cir. 1986); *U.S. v. Townsend*, 897 F.2d 989 (9th Cir. 1990). Mr. Olagunju is not a risk of flight and there is no evidence to support it. The government cannot demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir. 2007) (citations omitted). Under the Bail Reform Act, in evaluating the risk of flight a court must consider "the nature of the offense, the weight of the evidence against the suspect, the history and character of the person charged, and the nature and seriousness of the risk to the community". 18 U.S.C. § 3142; *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir.1985). Generally, a court must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B); *United States v. Madoff*, 586 F.Supp.2d 240 (S.D.N.Y. Cir. 2009).

While the accusations against Mr. Olagunju are serious, there is significant doubt as to the Government's ability to carry its burden. Additionally, if convicted, Mr. Olagunju is not facing the type of significant term in prison that would worth Mr. Olagunju to be looking over his shoulder for the rest of his life.

In fixing bail, the least amount of weight should be given to the "weight of evidence." *See United States v. Honeyman*, 470 F.2d 473 (2d Cir. 1973). Notwithstanding, based on the discovery provided so far, the Government's case as alleged does not rise to the level of reasonable doubt to convict Mr. Olagunju.

Mr. Olagunju is a stable, law abiding family man and a United States Citizen. Mr.

Olagunju is 68 years old. Mr. Olagunju is married to Mrs. Elizabeth Olagunju, a teacher with the New York Public School, and the marriage is blessed with four (4) children. Mr. Olagunju has no criminal history and is not a drug addict or alcoholic.

Mr. Olagunju has the support of his family and friends. Additionally, Mr. Olagunju has significant and legitimate ties to the United States.

Section 3142(g)(4) requires that the Court assess the extent of the danger posed by a defendant's release in weighing the factors relevant to a risk of flight analysis. The Olagunju would not pose any danger to Representative Kyrsten Sinema based on available facts. Obviously, Mr. Olagunju would not be a danger especially if placed on a high intensive supervision program (HISP) with electronic monitoring that would restrict his movement to his residence in New York. That way the court would be assured that Mr. Olagunju would not leave his residence without prior authorization by the Court or program supervisor. This high intensive supervision program (HISP) will assure the court that Mr. Olagunju would not be in contact with Representative Sinema in Arizona, Washington, D.C. or any other location.

A balancing of these factors certainly weighs in favor of release or at most release on stringent conditions of bond that would reasonably address, if possible, the purported danger the Government alleges being posed in this case.

**Conclusion**

In sum, the Government has failed to show that Mr. Olagunju is a danger to the community and even assuming arguendo that they have made this showing, the Government has also failed to show that there are no conditions or combination of conditions that will reasonably ensure that the community is protected from any perceived danger. If Mr. Olagunju is enrolled in pre-trial services electronic and GPS

monitoring, with curfew, except meeting with counsel, investigator and/or expert for his defense, it would be sufficient to assure the Court that Mr. Olagunju would never be in contact with Representative Sinema. Use of electronic bracelet "arguably" rebuts presumption of danger because the danger in this case is traveling to Arizona, District of Columbia or elsewhere to attempt to meet with Representative Sinema. In addition, the Court would issue a no-contact order with Representative Sinema or her staff by any means. A consideration of the factors set forth at 18 U.S.C. § 3142(g) therefore demonstrates that there are conditions therein that would assure Mr. Olagunju's appearance and the safety of the community. Conditions for release need not guarantee safety or presence but need only "reasonably assure" both. 18 U.S.C. § 3142(e). *U.S. v. Fortna*, 769 F.2d 243 (5th Cir. 1985); *U.S. v. Orta*, 760 F.2d 887 (8th Cir. 1985) (en banc). See *U.S. v. Dreier*, 596 F.Supp.2d 831 (S.D.N.Y. 2009)(private armed guards sufficient to assure presence).

For such other and further relief as the nature of Defendant's cause requires and this Court deems proper in the interest of Justice and Judicial economy.

**WHEREFORE**, Defendant, **Amos Olagunju**, prays this Honorable Court for release which is necessary for preparation of his defense and/or for another compelling reason.

Respectfully submitted,
THE IWEANOGES FIRM, PC                                    Amos Olagunju
                                                          Defendant by Counsel

By: /S/JohnOIweanoge/S/ _____
    John O. Iweanoge, II
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, D.C. 20017
    Phone:  (202) 347-7026
    Fax:    (202) 347-7108
    Email: joi@iweanogesfirm.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael J. Romano, AUSA
United States Attorney's Office
for the Eastern District of Columbia
555 4th Street, NW
Washington, DC 20530

                                                  */S/JohnOIweanogeII/S/*
                                                  John O. Iweanoge, II

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | **Criminal No: 18-00011 (JDB)** |
| | * | **Status: 4/10/2018** |
| **AMOS OLAGUNJU** | * | **Judge: Hon. John D. Bates** |
| Defendant(s). | * | Trial: TBA |
| | * | |

## ORDER

**UPON CONSIDERATION** of Defendant's Motion for Review and Reconsideration of Bond with Memorandum of Points and Authorities and any United States opposition, it is this _____ day of _____, 2018, hereby;

**ORDERED,** that Defendant's Motion be and same is hereby **GRANTED, and it is**, **FURTHER ORDERED**

**SO ORDERED.**

Hon. John D. Bates
U.S. District Court Judge